IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
JOSE OCEGUERA,                                           :
                                                         : No. _____
Plaintiff                                                :
                                                         :
                                                         :
v.                                                       :
                                                         : (A076-560-508)
MATTHEW T. ALBENCE, in his official                      :
Capacity as purported Acting Director,                   :
U.S. Immigration and Customs Enforcement,                :
500 12th St., SW, Washington, D.C. 20536, and            :
                                                         :
CHAD F. WOLF, in his official capacity as Acting         :
Secretary of Homeland Security, 2707 Martin              :
Luther King Jr. Ave., SE, Washing, DC 20529, and         :(Electronically Filed)
                                                         :
DAVID O'NEILL, in his official capacity,                 :
as Deputy Director, U.S. ICE PHILADELPHIA                :
FIELD OFFICE, 114 North 8th Street,                      :
Philadelphia, Pa. 19107                                  :
                                                         :
DONALD J. TRUMP, in his official capacity                :
as President of the United States, 1600                  :
Pennsylvania Ave., NW,                                   :
Washington, D.C. 20500                                   :
_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Jose Oceguera, files this Complaint against the above named

individuals, in their official capacities, as follows:

# I. INTRODUCTION

1. The Constitution's Appointments Clause was adopted as a check on the power of the Executive by the Framers of the Constitution. To prevent abuse of power by the President, the Constitution requires that high-level federal officials be confirmed by the United States Senate, after Presidential nomination, and that all other officials be appointed in the same manner unless Federal law provides otherwise. U.S.Const. Art.II, Section2, Clause 2.

2. Federal law at 6 U.S.C. Section 113(a)(1)(G), requires that the Director of U.S. Immigration and Customs Enforcement(ICE) be appointed by the President and confirmed by the United States Senate.

3. Despite these requirements, there has been no ICE Director confirmed by the United States Senate since Donald J. Trump, became President of the United States.

4. The Federal Vacancies Reform Act (FVRA), provides that acting officials may temporarily carry out the duties of offices that must be filled by the President with the advice and consent of the United States Senate. However, Congress imposed strict constraints on the length of time during which a vacant office may be filled by acting officials. See: 5 U.S.C. Section 3346.  1.

---

**1. Counsel acknowledges that large portions of this Complaint have been sourced from a complaint in the case of Assista Immigration Assistance, Inc., v. Matthew Albence, et.al. USDC, District of Connecticut, to case No. 3:30-cv-00206-JAM.**

5. The FVRA provides for two extensions of a vacant office, but if more than 210 days have passed since a second nomination by the President was rejected, withdrawn, or returned by the Senate, no one can fill that office.

6. Based upon the FVRA's provisions, and as will be hereinafter set forth, the office of Director of ICE has been vacant since August 1, 2019.

7. Defendant, Matthew T. Albence, who began serving as Acting Director of ICE in April, 2019, continued taking official actions under the authority of that office after August 1, 2019.

8. Specifically, on August 19, 2019, Defendant, Matthew T. Albence, issued a new ICE Directive, ICE Directive 11005.2, which changed the policy of ICE to require ICE Officers to consult with United States Citizenship & Immigration Services(USCIS) prior to denying a stay of deportation application filed with ICE, in the case of a person who has filed a U-visa application with USCIS, to determine if the U-visa application met *prima facie* eligibility for issuance of the U-visa to the applicant[U-visas are issued to persons who are victims of certain enumerated crimes].

9. Plaintiff filed an Application for Stay with ICE on June 29, 2020; an Application for a U-visa was filed with USCIS on June 30, 2020, and a copy of the complete

U-visa application with endorsed Supplement B by Law Enforcement was included in the Application for Stay to ICE. The Stay was denied by Defendant, David O'Neill, on July 7, 2020, in Philadelphia, Pennsylvania.

10. Plaintiff seeks a Declaratory Judgment that Defendant Albence's latest ICE policy under ICE Directive 11005.2 regarding the issuance of stays of deportation has no force or effect, as well as an Order enjoining ICE from continuing to act under this policy, and to restrain ICE from deporting Plaintiff to Mexico, until after it consults with USCIS under the previously existing and valid ICE Directive, to determine if Plaintiff's U-visa application is *prima facie* approvable by USICS.

## II.  PARTIES

11. Plaintiff is Jose Oceguera, currently being held in the custody of ICE at the Clinton County Correctional Facility located at 58 Pine Mountain Road, McElhattan, Pa. 17748. Plaintiff is a national and citizen of Mexico, facing imminent deportation to Mexico from the United States by ICE.

12.  Defendant Matthew T. Albence is the purported Acting Director of ICE. As purported Acting Director, Defendant Albence exercises authority over all aspects

of ICE operations, including its policies regarding applications for stays of deportation/removal by U-visa applicants, such as Plaintiff.

13. Defendant Chad F. Wolf, is Acting Secretary of Homeland Security. On information and belief, Defendant Chad F. Wolf has permitted Defendant Albence to continue in the role of Acting Director of ICE, after the time limit prescribed by the FVRA expired.

14. Defendant David O'Neill is the Deputy Director of the Philadelphia Field Office of ICE, located in Philadelphia, Pa. Deputy Director O'Neill denied the stay application of Plaintiff on July 7, 2020.

15. Defendant, Donald J. Trump, is the President of the United States. On information and belief, Defendant Donald J. Trump has permitted Defendant Albence to continue in the role of Acting Director of ICE, after the time limit prescribed by the FVRA expired.

### III. JURISIDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 & 2201.

17. Venue is proper in this District pursuant to 28 U.S.C. Section 1391. The application for stay of deportation/removal was concurrently filed in Philadelphia and by email to an ICE Officer at the Allenwood-substation of ICE; the Plaintiff's removal proceedings, and removal order was entered at the York Immigration Court, York, Pa. within the Middle District of Pennsylvania , and Plaintiff "resides" in the Middle District of Pennsylvania as he is currently detained by ICE at the Clinton County Correctional Facility in McElhattan, Pa. within the Middle District of Pennsylvania, and is likely to shortly moved by ICE to York County Prison, preparatory to being sent to Texas for Deportation. As a result, this District is a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, and alternatively, in which Plaintiff resides. See: 28 U.S.C. Section 1391(e)(1).

18. There is an actual case or controversy between Plaintiff and Defendants. Plaintiff asserts that the Office of Director of ICE is vacant, and has been vacant since August 1, 2019. Plaintiff applied for a U-visa and for a stay of deportation/removal with ICE. ICE denied the stay of removal on July 7, 2020, under a policy which was purportedly put in place by Defendant Albence on August 19, 2019, when the Office of Director of ICE had become legally vacant,

and therefore, Defendant Albence's actions have directly injured Plaintiff in that Plaintiff has been denied a stay of deportation/removal and has been placed in imminent danger of being deported to Mexico from the United States. The actions of Defendants violate the Appointments Clause, U.S. Constitution, Art. II, Section 2, Clause 2., the FVRA, 5 U.S.C. Section 3345, *et seq.,* the Administrative Procedure Act, 5 U.S.C. Section 706(2), and the Department of Homeland Security's enabling statute, 6 U.S.C. Section 113(a)(1)(G).

## IV.   BACKGROUND

**A. The Appointments Clause & The Federal Vacancies Reform Act**

19. The Appointments Clause of the U.S. Constitution provides at U.S. Const. Art. II, Section 2, Clause 2, provides that the President "shall nominate, and by and with the Consent of the Senate, shall appoint Ambassadors, other Public Ministers and Consuls, Judges of the Supreme Court, and all Other Officers of the United be established by Law: but the Congress may by Law vest the Appointment of such Inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

20. The Director of ICE is an "Officer of the United States" *See: Freytag v. Comm'r of Internal Revenue, 501 U.S. 868, 883(1991); Buckley v. Valeo, 424 U.S. 1, 126(1976).* Consequently, the Constitution requires the ICE Director to be appointed with the "advice and consent" of the Senate" unless Congress has "by Law vested the Appointment …in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. Art II, Section 2, Clause 2.

21. Congress has not done so. Instead, federal law requires the Director of ICE to be nominated by the President and confirmed by the Senate. See: 6 U.S.C. Section 113(a)(1)(G) [there shall be a "Director of Immigration and Customs Enforcement" who must be "appointed by the President, by and with the advice and consent of the Senate."].

22. Congress enacted the FVRA in 1998 to prevent violations by the President of the Appointments Clause. See, S. Rep. No. 105-250, at pages 5 and 13).

23. The FVRA contains strict limits on the length of time during which an acting official may fill a vacant office. See: 5 U.S.C. Section 3346. Except in narrow circumstances not involved in this case, acting officials may occupy vacant offices

for no more than 210 days beginning on the day the vacancy occurs. If the President nominates someone to the office, this time period is extended, and acting officials may serve as long as the nomination is pending in the Senate. 5 U.S.C. Section 3346(a)(1) & (2). Once that nomination is rejected, withdrawn, or returned by the Senate, however, acting officials may serve "for no more than an additional 210 days after the second nomination is rejected, withdrawn or returned." 5 U.S.C. Section 3346(b)(2)(B).

24. Once the time periods provided under the FVRA have elapsed, if the Senate has not confirmed a nominee to the office in question, "the office shall remain vacant." 5 U.S.C. Section 3348(b)(1).

25. The FVRA specifies that its procedures, including the time limits as above, are exclusive. 5 U.S.C. Section 3347(a).

26. The FVRA provides that an agency action "shall have no force or effect" if taken by a person performing the functions and duties of a vacant office without authorization by the FVRA. 5 U.S.C. Section 3348(d)(1) & (d)(2).

**B.  U Visas and Stays of Removal**

27. Under 8 U.S.C. Section 1101(a)(15)(U), people who are victims of certain crimes—including sexual assault, domestic violence and stalking---can apply for a U visa if they have experienced resultant mental or physical abuse and have

aided law enforcement in the investigation or prosecution of the crime. Securing a U visa permits these individuals to remain in the United States with legal status.

28. A person seeking a U visa must submit an application to USCIS. See 8 C.F.R. Section 214.14(c)(1). Along with the form for the application, the Applicant must submit Supplement B, which a designated law enforcement officer must sign, indicating that the applicant has been a victim of a qualifying crime and has been or is likely to be helpful in the investigation or prosecution of the relevant criminal history.

29. Because of a visa "cap" per year of 10,000 U visas, and the huge backlog of applications, new applicants must be placed on a waiting list once their applications are approved by USCIS. See 8 C.F.R. Section 214.14 (d)(2), and once on the waiting list, USCIS is required to grant deferred action or parole protecting them from deportation.

30. It takes 4 years or longer for an applicant to make it to the waiting list. In order to prevent their deportation, applicants can apply to ICE for a stay until an

application is approved or denied by USCIS, and if USCIS makes a determination that the application "sets forth a prima facie case for approval." 8 U.S.C. Section 1227(d)(1). The stay application provisions are at 8 C.F.R. Section 214.14(c)(1)(ii) and 8 C.F.R. Section 241.6(a); 8 C.F.R. Section 1241.6(a). Thus, U visa applicants can protect themselves from deportation while their application is pending until USCIS either approves or denies the application.

## V. FACTS

**C. Vacancy in the Office of ICE Director**

31. ICE has not had a Senate confirmed Director in more than three(3) years.

32. Sarah Saldana, was the last Senate-confirmed Director of ICE, who retired days before President Trump's inauguration. See: Nicole Hensely, "New Acting Director of ICE Tapped by President Trump Was Once Honored For Deportations under Obama," NY Daily News(Jan 31., 2017).

33. Thomas Homan, was named in Presidents Trump's first month in Office as Acting Director, and was nominated for the office on November 14, 2017. See: Brett Samuels, "Trump Taps Thomas Homan as ICE Director," The Hill(Nov. 14, 2017). Mr. Homan's nomination was withdrawn on May 15, 2018. 164 Cong. Rec. S2685(daily ed. May 18, 2018).

34. Three months later, on August 16, 2018, President Trump made a second nomination to fill the office nominating Ronald Vittielo to be ICE Director. ( Tal Kopan, "Trump Nominates New ICE Director," CNN, August 6, 2018.).
Mr. Vitiello was not confirmed by the Senate. His nomination was returned under Senate rules when the Senate adjourned on January 3, 2019 See: PN2397-Ronald D. Vitiello-Department of Homeland Security, Congress.gov, https://www.congress.gov/nomination/115-congress/2397.

35. Under the strict time provisions of the FVRA, the position of ICE Director could be filled for no more than 210 days after this nomination was returned on January 3, 2019---or until August 1, 2019. After August 1, 2019, the express terms of the FVRA prohibited any individual from performing the functions and duties of the ICE Director.

36. On April 11, 2019, Acting Director of ICE Ronald Vitiello, sent an email to ICE employees advising them he would be leaving the Agency on April 12, 2019. See: Priscilla Alvarez, " ICE Acting Deputy Director Tapped To Lead Agency," CNN Politics(April 11, 2019), https://www.cnn.com/2019/04/11/politics/matt-albence-lead-ice/index.html

37. Under the express terms of the FVRA, no one, including Defendant Albence, could serve as Acting Director of ICE, on and after August 1, 2019; the FVRA requires the office to "remain vacant." 5 U.S.C. Section 3348(b)(1).

38. Despite these express requirements of the FVRA, Defendant Albence purporting to have authority as the Acting Director of ICE, issued ICE Directive 11005.2, which reversed and superseded prior policy of ICE which required ICE to contact USCIS before denying stay of removal/deportation to a U-visa applicant. USCIS would then either confirm that the U-visa Applicant was "prima facie" eligible for a U-visa, or deny the Applicant that status. In the event USCIS determined that the U-visa met the "prima facie" approvable category, USICE would routinely grant the stay. See Memorandum from David J. Venturella, Acting Director, USCIS, to Field Officer Directors 2(September 24, 2009). In accordance with the new policy enunciated by Defendant Albence, ICE Officers would no longer be required to consult with USCIS to determine whether USCIS found that the U-visa Applicant made a "prima facie" showing of eligibility for the U-visa.

See: Fact Sheet: Revision of Stay Removal Request Reviews for U Visa Petitioners, U.S. Immigration and Customs Enforcement(Aug. 2, 2019), https://www.ice.gov/factsheets/revision-stay-removal-request-reviews-u-visa-petitioners.

39. The action of Defendant Albence referred to above, was and is without legal authority.

40. Defendant Albence's actions, with the approval of all Defendants, has and will cause harm and irreparable injury to the Plaintiff.

41. Plaintiff is a Mexican national convicted of an aggravated felony under the INA, and formerly a Lawful Permanent Resident of the United States.

42. Plaintiff accepted an Order of Removal in the York, Pa. Immigration Court on June 25, 2020, so that he could file an Application for Stay of Deportation with ICE, which was accomplished on June 29, 2020. A complete copy of his U-visa application was included with the Stay Application to ICE.

43. On June 30, 2020, Applicant, through prior counsel, forwarded for filing a U-visa application with USCIS, Vermont Service Center. A true and accurate copy the U-visa Application and the basis for the Application is or will be the subject of

a Motion To Seal with this Court. Copies of the Motion to Seal and the materials contained therein, will be delivered to the Court and the U.S. Attorney's Office- Civil Division, in Harrisburg, Pa. as soon as practicable.

44. It is believed and therefore averred, however, that Plaintiff qualifies in every respect for the issuance of a U visa.

45. Plaintiff's counsel has been advised by an ICE Officer at the Allenwood-sub District Field Office, that Plaintiff will be moved to the York County Prison on or about July 17 or July 18, 2020, and then sent by ICE to Texas for final removal/deportation early on Monday, July 20.

46. If Plaintiff is deported to Mexico he will be permanently barred from returning to the United States, because of his conviction of an aggravated felony under the INA. See 8 U.S.C. Section 1182.  While there are waivers for U-visa recipients should Applicant be successful in obtaining approval for a U-visa while in Mexico, it is extremely unlikely that any U.S. Embassy or Consulate will grant such a waiver, and if denied, the denial is non-reviewable, under the Doctrine of Consular Non-Reviewability.  See *Kerry v. Din, 135 S. Ct. 2128(2015).*

46. Based upon the foregoing, and becoming permanently separated from his family, fiancée, and friends, Plaintiff will suffer permanent and irreparable injury should Defendant's illegal actions be carried out.

## COUNT I

**Violation of the Appointments Clause, U.S. Const. Art. II, Section 2, Clause 2**

47. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint 1-46, inclusive, as if fully set forth herein.

48. As set forth in preceding paragraphs, Defendant Albence is performing the functions and duties of the ICE Director, even though not confirmed by the U.S. Senate, nor permitted to fill the office under the provisions of the FVRA, since August 1, 2019.

49. As aforesaid, Defendant's Albence purported change to ICE policy as set forth above, is therefore invalid and void.

## COUNT II

**Violation of the Administrative Procedures Act**

50. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs of this Complaint, 1-49, inclusive, as though set out fully herein.

51. ICE is a federal agency, the final actions of which are subject to judicial review under the Administrative Procedures Act("APA"), 5 U.S.C. Section 551(1).

52. The APA provides that a reviewing court shall "hold unlawful and set aside agency actions, findings, and conclusions found to be….arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.." "in excess of statutory jurisdiction, authority, or limitations," or "without observance of procedure required by law." 5 USC Section 706(2)(A),(C), (D).

53. Because Defendant Albence has been unlawfully serving as Acting Director of ICE since August 1, 2019, and has had no authority to act in that capacity, his purported change to the U-visa stay policy violates the APA, and is invalid and void.

## COUNT III

### Violation of 6 U.S.C. Section 113

54. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complain as if fully set forth herein.

55. Section 112(a)(1)(G) of Title 6 of the U.S.Code requires that the Director of ICE be nominated by the President and confirmed by the Senate.

56. Because Defendant Albence is performing the functions and duties of the ICE Director without having been nominated by the President and confirmed by the Senate, he is without legal authority to do so, and was without legal authority to issue his purported change to ICE policy vis a vis stays of deportation for U-visa Applicants.

## COUNT IV

**Violation of the Federal Vacancies Reform Act, 5 U.S.C. Sections 3345, et.seq.**

57. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

58. As set forth in preceding paragraphs, the time periods under the FVRA expired as of August 1, 2019. Under the FVRA, Section 3348(b)(1), the office in question "shall remain vacant."

59. Because on the date Defendant Albence issued his purported changes to the U-visa stay policy after the time periods under the FVRA had expired, his actions as purported Acting Director of ICE and the changes to the ICE policy on U-visa stay are invalid and void.

**WHEREFORE,** Plaintiff, Jose Oceguera, respectfully requests that this Court enter Judgment in favor of Plaintiff and against the Defendants, consisting of:

**a) A Declaratory Judgment**, declaring Defendant Albence's service as Acting Director after August 1, 2019 violates the Appointments Clause, was not in accordance with law under the APA at 5 U.S.C. Section 706(2)(A),(C), (D); violates 6 U.S.C. Section 113(a)(1)(G); violates the Federal Vacancies Reform Act, 5 U.S.C. Section 3345 et seq and his actions as Acting Director after August 1, 2019, are invalid and void.

**b) Injunctive relief** enjoining the implementation of ICE Directive 11005.2,

**c) Injunctive relief enjoining the deportation of Plaintiff from the United States, during the pendency of this litigation, and thereafter in the event the Court finds in his favor,**

d) an award of reasonable attorney's fees, and

e) such other relief as this Court deems appropriate under the circumstances of this case.

/s/*Daniel M. Pell*
Daniel M. Pell
Attorney for Plaintiff
Pa. Supreme Ct. ID#21439
Member, Maryland Bar
2550 Kingston Road, Suite 305
York, Pa. 17402
Tel 717-487-3085/email: pelldan@gmail.com
eFax: 717-674-7491

Certificate of Service

Undersigned counsel hereby certifies to this Court that a true and accurate copy of the Complaint in this case was or will be served upon the U.S. Attorney's Office- Civil Division, for the Middle District of Pennsylvania, whom it is believed will represent all Defendants through this Court's ECF system, since this case involves suit against Officers and Employees of the United States; such service being effected on or after the 17th day of July, 2020. Moreover, it is believed that the Complaint and Summons in this case will be served upon each Defendant by the Clerk of this Court, in accordance with Federal Rules of Civil Procedure, and Local Rules of this Court.

/s/*Daniel M. Pell*
Daniel M. Pell
Attorney for Plaintiff
Pa. Supreme Ct. ID#21439
Member, Maryland Bar
2550 Kingston Road, Suite 305
York, Pa. 17402
Tel 717-487-3085/email: pelldan@gmail.com
eFax: 717-674-74